UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------X
JEAN M. BELOT,

                Plaintiff,                        **AMENDED COMPLAINT**

        -against-

CRAIG L. SKELLY, BRIAN J. EVANS,            JURY TRIAL DEMANDED
JAMES GILBERT, PETER MASTRANTONIO,
DANIEL CHAPMAN and BRIAN CURREN,       Case No.  10 CV 6092  (CJS)

                Defendants.
---------------------------------X

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

        1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

        2. That at all times herein mentioned, plaintiff was an inmate at the Southport Correctional Facility (Southport), under the care, custody and control of the New York Department of Correctional Services (DOCS).

        3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

        4. That at all times herein mentioned, defendant Craig L. Skelly (Skelly) was a corrections officer employed at Southport by DOCS.

        5. That at all times herein mentioned, defendant Brian J. Evans (Evans) was a corrections officer employed at Southport by DOCS.

6. That at all times herein mentioned, defendant James Gilbert (Gilbert) was a corrections officer employed at Southport by DOCS.

7. That at all times herein mentioned, defendant Peter Mastrantonio (Mastrantonio) was a corrections officer employed at Southport by DOCS.

8. That at all times herein mentioned, defendant Daniel Chapman (Chapman) was a sergeant employed at Southport by DOCS.

9. That at all times herein mentioned, defendant Brian Curren (Curren) was a sergeant employed at Southport by DOCS.

10. That at all times herein mentioned, defendants were acting within the course and scope of their employment with DOCS.

11. That at all times herein mentioned, defendants were acting under color of state law.

12. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.

## DEFENDANTS' CONDUCT

13. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

14. That on December 30, 2008, at, inside, and around Cell A-1-4 at the Southport Correctional Facility, defendants Skelly, Evans, Gilbert and Mastrantonio, acting collectively and in concert with each other, maliciously and sadistically beat and

battered plaintiff, without provocation and without justification, while plaintiff was restrained in handcuffs.

15. That the aforementioned beating and battery included, but was not limited to, punching and kicking plaintiff in the face, head and body, yanking plaintiff's dreadlocks from his scalp, forcing plaintiff's restrained arms above his head until his shoulders practically were dislocated, and attempting to and partially succeeding in inserting a stick, baton, or other hard object into plaintiff's rectum.

16. That Chapman observed the aforesaid beating and battery and intentionally failed to intervene in a timely manner to prevent or stop Skelly, Evans, Gilbert and Mastrantonio from inflicting physical harm on plaintiff.

17. That Chapman failed timely to intervene despite having had adequate time to assess a serious threat against plaintiff and a fair opportunity to protect plaintiff with no risk to himself.

18. That in failing timely to intervene, Chapman acted with deliberate indifference to plaintiff's health and safety.

19. That Curren observed the aforesaid beating and battery and intentionally failed to intervene in a timely manner to prevent or stop Skelly, Evans, Gilbert and Mastrantonio from inflicting physical harm on plaintiff.

20. That Curren failed timely to intervene despite having had adequate time to assess a serious threat against plaintiff and a fair opportunity to protect plaintiff with no risk to himself.

21. That in failing timely to intervene, Curren acted with deliberate indifference to plaintiff's health and safety.

22. That as a result of the aforementioned acts by Skelly, Evans, Gilbert, Mastrantonio, Chapman and Curren, plaintiff sustained multiple physical, emotional and psychological injuries, including but not limited to multiple fractured ribs, endured and will continue to endure conscious pain and suffering and loss of enjoyment of life, and has otherwise been damaged.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### SKELLY, EVANS, GILBERT, MASTRANTONIO, CHAPMAN and CURREN
### (Eighth Amendment)

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

24. That the aforementioned acts by Skelly, Evans, Gilbert, Mastrantonio Chapman and Curren were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

25. That as a result thereof, plaintiff is entitled to recover damages from said defendants pursuant to 42 USC § 1983.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### CHAPMAN and CURREN
### (Fourteenth Amendment)

26. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

27. That the aforementioned acts by Chapman and Curren were in violation of the rights guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

28. That as a result thereof, plaintiff is entitled to recover damages from said defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, on the aforementioned causes of action, as follows:

Plaintiff seeks compensatory damages against defendants, each in the amount of Two Million ($2,000,000.00) Dollars; and

Plaintiff seeks punitive damages against defendants, each in the amount of Two Million ($2,000,000.00) Dollars; and

Plaintiff seeks attorney's fees pursuant to 42 USC § 1988; and

Plaintiff seeks interest and the costs and disbursements of this action.

Dated: New York, New York
       March 3, 2011

                                  Yours, etc.
                                  Sivin & Miller, LLP

                                  By_____
                                    Edward Sivin
                                  Attorneys for plaintiff
                                  170 Broadway
                                  New York, NY  10038
                                  (212) 349-0300

Case No. 10 CV 6092 (CJS)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEAN M. BELOT,

        Plaintiff,

  -against-

CRAIG L. SKELLY, et. al.,

        Defendants.

## AMENDED COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462